UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Constance Mitchell, et. al.,
    Plaintiffs

  vs                                                           Case No. C-1-03-771
                                                                  (Weber, J.)
Lowe's Home Center, Inc.,                  (Hogan, M.J.)
    Defendant

---

**ORDER**

---

      This matter came before the Court on Defendant Lowe's Home Centers, Inc.'s Motion for Sanctions and to Compel Discovery (Doc. 13); Plaintiff's Memorandum in Opposition to Defendant's Motion for Sanctions and to Compel Discovery (Doc. 15); Defendant Lowe's Home Centers, Inc.'s Reply Memorandum in Support of its Motion for Sanctions and to Compel Discovery (Doc. 16); and Defendant's Motion for Leave to File Supplemental Reply Memorandum in Support of Its Motion for Sanctions and to Compel Discovery (Doc. 18). Defendant's Motion for Leave to File Supplemental Reply Memorandum in Support of Its Motion for Sanctions and to Compel Discovery (Doc. 18) is granted.

      Defendant's request for sanctions is based on Plaintiffs' failure to provide it with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) which, at the time Defendant's motion was filed, were five months delinquent. Defendant also requests sanctions due to Plaintiffs' failure to respond to interrogatories and document requests which were served four months prior to Defendant's motion. Counsel for Plaintiff shoulders the responsibility for Plaintiffs' failure to respond to Defendant's discovery requests which counsel concedes constitutes negligence on her part. Counsel cites two reasons for her delay in responding to discovery, namely the illness and subsequent death of her father as well as an appellate brief

which was filed on February 2, 2005 which required a significant amount of her time.  In her Memorandum in Opposition, counsel represented that Plaintiff's initial disclosures would be submitted by February 17, 2005 and Plaintiff's responses to interrogatories and document requests would be forthcoming no later than February 24, 2005.  Unfortunately, the explanations offered by counsel are belied by the fact that she offers no explanation for why her co-counsel could not respond to Defendant's discovery requests in her absence.  Counsel also offers no explanation for her continued failure to respond to discovery in the time since filing her appellate brief.  Furthermore, according to Defendant's Supplemental Reply Memorandum, despite counsel's representations, responses to Defendant's First Set of Interrogatories and Request for Production of Documents still had not been served upon Defendants at the time of filing its supplemental reply on March 16, 2005.  Finally, despite counsel's assurances to the contrary, Plaintiffs disclosed 27 potential witnesses, only two of whom, namely Plaintiffs, are named in Defendant's Initial Disclosures.[1]

Defendant requests that the Court sanction Plaintiffs by precluding Plaintiffs from presenting any witnesses or information in support of their claims, whether at trial or on motion pursuant to Fed. R. Civ. P. 37(c)(1).  Plaintiffs contend that such a sanction is unduly harsh and that Plaintiffs should not be punished for counsel's dilatory conduct.  We agree. While counsel's conduct in failing to respond to discovery, as well as failing to timely file her response to Defendant's motion, reflects a complete disregard for her duties to her clients, opposing counsel and this Court, barring Plaintiffs from presenting any witnesses or information works an extreme prejudice upon Plaintiffs as a result of conduct beyond their control.  Moreover, at the time of this Court's decision, Plaintiffs have submitted their initial disclosures, albeit belatedly.  As such, because Plaintiffs have made their initial disclosures, we find that the sanctions contemplated by Rule 37(c)(1) are not appropriate.

On the other hand, at the time of this Court's decision, it remains unclear whether Plaintiffs have filed their response to Defendant's First Set of Interrogatories and Request for Production of Documents.  To the extent Plaintiffs have not done so, they are ordered to respond to Defendant's  First Set of

---

[1] Counsel for Plaintiff represented in her Memorandum in Opposition that she anticipated that the "majority of the witnesses disclosed by Plaintiffs will be identical to those disclosed by the Defendant." (Doc. 15 at p. 2).

Interrogatories and Request for Production of Documents within ten (10) days of this Court's order.  Further, Plaintiffs shall not be permitted to object to any interrogatory or document request on grounds other than privilege and must provide complete responses to said discovery requests.

      Because the Court is unable to discern whether Plaintiffs have been deposed or to what extent discovery has been had, the Court finds that a status conference is appropriate, at which time the Calendar Order (Doc. 11) can be amended accordingly.

      Finally, we find that an award of reasonable attorney fees and expenses associated with the filing of the present motion is appropriate. Defendant shall submit an affidavit to the Court setting forth the attorney fees and expenses incurred in the preparation and filing of the within motion.  Counsel for Plaintiffs, and not Plaintiffs themselves, shall be responsible for the payment of such sanction.

## IT IS THEREFORE ORDERED THAT:

1)     Defendant's Motion for Sanctions and to Compel Discovery (Doc. 13) is GRANTED in accordance with the decision herein;

2)     Defendant's Motion for Leave to File Supplemental Reply Memorandum in Support of Its Motion for Sanctions and to Compel Discovery (Doc. 18) is GRANTED.

3)     Plaintiffs SHALL PROVIDE complete responses, without objection, other than those based on privilege, to Defendant's First Set of Interrogatories and Request for Production of Documents within TEN (10) DAYS of this Court's order.

4)     A status conference shall be held before the undersigned on Wednesday, June 1, 2005, at 1:30pm.  The parties may participate by telephone.  Please contact chambers (5) minutes before conference time at : (513)564-7650.

SO ORDERED.

Date:  5/18/2005          s/Timothy S. Hogan
                          Timothy S. Hogan
                          United States Magistrate Judge

J:\SMITHLE\DISCOVRY\Mitchell.mtc.wpd